UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MICHAEL DALE BRUMMITT,**

       **Plaintiff,**

**v.**                                              **Case No: 6:20-cv-403-RBD-LRH**

**COMMISSIONER OF SOCIAL
SECURITY,**

       **Defendant.**

**REPORT AND RECOMMENDATION**

Michael Dale Brummitt ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") regarding his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed for an award of benefits, or in the alternative, remanded for further administrative proceedings. Doc. No. 27, at 8, 20, 24. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id*. at 24. For the reasons discussed herein, it is **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner.

**I.    PROCEDURAL HISTORY.**

On January 13, 2015, Claimant filed an application for DIB benefits, alleging that he became disabled on May 1, 1996. R. 34, 125, 220. On January 6, 2016, Claimant also filed an application for SSI, alleging the same disability onset date. R. 34, 227. Both claims were denied initially and on reconsideration, and Claimant requested a hearing before an ALJ. R. 130–38, 141–51, 152–53.

A hearing was held before the ALJ on July 12, 2018, at which it appears that Claimant was represented by an attorney. R. 51–75.[1] Claimant and a vocational expert ("VE") testified at the hearing. *Id.*

After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled. R. 34–45. Claimant sought review of the ALJ's decision by the Appeals Council, and the Appeals Council granted the request for review. R. 210–12, 213–18. On January 2, 2020, the Appeals Council issued a partially favorable decision, finding that Claimant was disabled beginning on August 21, 2018 for purposes of SSI, but not before, but that Claimant had not established disability for purposes of DIB. R. 8–12. Claimant now seeks review of the final decision of the Commissioner by this Court. Doc. No. 1.

## II.   BACKGROUND.[2]

  A.   The ALJ's Decision.

At the outset of the decision, the ALJ noted as follows:

[C]laimant had a prior period of disability from July 7, 1995, through November 7, 2013, when his benefits were ceased. The claimant did not appeal that cessation. Instead, the claimant filed a new application for benefits on May 28, 2014, which was denied; however, the claimant did not appeal beyond the reconsideration determination which was rendered on April 14, 2015. Because the claimant has filed a subsequent Title II application on January 13, 2015 while the prior application of May 28, 2014 was pending the reconsideration appeal, the January 13, 2015 application constitutes an implied reopening of the prior determination. However, the undersigned does not find a basis for reopening the claimant's prior Title II application filed on May 28, 2014 (20 CFR 404.988). Social Security Ruling 9 l-5p was also considered and does not apply in this case.

---

[1] The hearing transcript reflects that Claimant was represented by "Mr. Hicks, Attorney." R. 51. However, according to the ALJ's decision, Mr. Hicks was a "non-attorney representative." R. 34.

[2] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum. Doc. No. 27. Accordingly, I adopt those facts included in the body of the Joint Memorandum by reference and only restate them herein as relevant to considering the issues raised by Claimant.

> Therefore, the reconsideration determination issued on April 14, 2015 is administratively final; and, consequently, the period at issue is limited to April 15, 2015, through the date of this decision (20 CFR 404.955).

R. 34.

After considering the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a). R. 35–45.[3] The ALJ concluded that Claimant met the insured status requirements of the Social Security Act through September 30, 2016. R. 36. The ALJ found that Claimant had not engaged in substantial gainful activity since April 15, 2015. R. 37. Next, the ALJ found that Claimant suffered from the following severe impairments: degenerative disc disease of the lumbar and cervical spine; diabetes mellitus; anxiety disorder; and bipolar depressive disorder. *Id.*[4] The ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 37–39.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations,[5] with the following additional limitations:

---

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

[4] The ALJ also found that Claimant suffered from hypertension, but it was "benign and controlled with medication," did not have more than a minimal effect on his ability to work, and therefore was "not severe." R. 37.

[5] The social security regulations define light work to include:

> [C]laimant can never climb ladders, ropes, or scaffolds; occasionally climb ramp and stairs, balance, stoop, kneel, crouch, or crawl; must avoid concentrated exposure to workplace hazards; can perform simple routine tasks with no production rate pace work; and can occasionally interact with the general public.

R. 39. The ALJ found that Claimant had no past relevant work. R. 44. The ALJ also noted that Claimant qualified as an individual closely approaching advanced age on the alleged disability onset date. *Id.* However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ concluded that there were jobs existing in significant numbers in the national economy that Claimant could perform, such as housekeeping, cleaner; marker; or routing clerk. R. 44–45. Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from April 15, 2015 through the date of the decision. R. 45.

    B.    <u>The Appeals Council Decision</u>.

The Appeals Council granted review of the ALJ's decision. R. 213–18. On January 2, 2020, the Appeals Council issued its decision, in which the Appeals Council made the following findings:

1. The claimant met the insured status requirements of the Social Security Act through September 30, 2016.

2. The claimant has not engaged in substantial gainful activity since April 15, 2015 (the alleged onset date).

3. The claimant has the severe impairments of degenerative disk disease of the lumbar and cervical spine; diabetes mellitus; anxiety disorder; and bipolar depressive disorder.

---

lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.

20 C.F.R. §§ 404.1567(b), 416.967(b).

4. The claimant does not have an impairment, or combination of impairments, that meets or medically equals the criteria of an impairment listed in 20 CFR Part 404, Subpart P, Appendix I.

5. The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b), except the claimant can never climb ladders, ropes, or scaffolds; occasionally climb ramp and stairs, balance, stoop, kneel, crouch, or crawl; must avoid concentrated exposure to workplace hazards; can perform simple routine tasks with no production rate pace work; and can occasionally interact with the general public.

6. The claimant has no past relevant work.

7. For the period prior to August 21, 2018, the claimant was an individual "closely approaching advanced age," and has at least a high school education and is able to communicate in English. Consequently, for the period prior to August 21, 2018, Medical-Vocational Rule 202.13 provides a framework for a finding of not disabled, for a person with the claimant's residual functional capacity, age, education, and past work experience.

8. The claimant attained age 55 on October 15, 2018. As a result, on the date of the hearing decision, the claimant was less than two months from changing age categories from individual "closely approaching advanced age" to an individual of "advanced age". The Appeals Council is applying the higher age category of advanced age and finds the claimant "disabled," under Medical-Vocational Rule 202.04 beginning August 21, 2018, the date of the hearing decision, but not prior to that date, with respect to the application for supplemental security income only.

R. 11. Based on these findings, the Appeals Council found that Claimant was not disabled for the period for which DIB was sought (because the onset date of August 21, 2018 was after the date of last insured, September 30, 2016), but that for purposes of the application for SSI, Claimant became disabled on August 21, 2018. R. 12.

## III.   STANDARD OF REVIEW.

Because Claimant has exhausted his administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact

are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

**IV.   ANALYSIS.**

In the joint memorandum, which I have reviewed, Claimant raises two assignments of error: (1) both the ALJ and the Appeals Council erred in determining that Claimant had the RFC to perform light work with some additional limitations after failing to adequately consider and weigh the opinions Dr. Frank Ritucci; and (2) the ALJ erred in relying on the testimony of the VE, after posing a hypothetical question to the VE that did not adequately reflect Claimant's limitations. Doc. No. 27. I will address these contentions in turn.

    A.   <u>Claimant's RFC</u>.

An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). At the fourth step of the sequential evaluation process, the ALJ must

determine Claimant's RFC.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004)  "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments," which includes consideration of "all the relevant medical and other evidence in the case."  *Id.* (citations and quotations omitted).

In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the medical opinions of treating, examining, and non-examining medical sources.  *See* 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The ALJ must consider a number of factors when weighing medical opinions, including:  (1) whether the physician examined the claimant; (2) the length, nature, and extent of the physician's relationship with the claimant; (3) the medical evidence supporting the physician's opinion; (4) how consistent the physician's opinion is with the record as a whole; and (5) the physician's specialization.  *Id.* §§ 404.1527(c), 416.927(c).[6]  "These factors apply to both examining and non-examining physicians."  *Huntley v. Soc. Sec. Admin., Comm'r*, 683 F. App'x 830, 832 (11th Cir. 2017) (citing 20 C.F.R. §§ 404.1527(e), 416.927(e)).[7]

A treating physician's opinion must be given substantial or considerable weight, unless good cause is shown to the contrary.  *See* 20 C.F.R. § 404.1527(c)(2) (giving controlling weight to the treating physician's opinion unless it is inconsistent with other substantial evidence).  However, the opinion of a non-treating physician, such as one who examined the claimant on only one occasion, is not entitled to any particular deference.  *See Crawford v. Comm'r Of Soc. Sec.*, 363 F.3d 1155,

---

[6] Although the SSA regulations have been amended effective March 27, 2017, the new regulations apply only to applications filed on or after that date.  *See* 20 C.F.R. §§ 404.1520c, 416.920c.  Because Claimant filed his applications for benefits prior to March 27, 2017, the rules in 20 C.F.R. §§ 404.1527 and 416.927 govern here.

[7] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.  *See* 11th Cir. R. 36–2.

1160 (11th Cir. 2004) (opinion of one-time examining, non-treating physician not entitled to great weight (citing *McSwain v. Bowen*, 814 F.2d 617, 619 (11th Cir. 1987))).

The ALJ must state the weight assigned to each medical opinion, and articulate the reasons supporting the weight assigned. *Winschel*, 631 F.3d at 1179. The failure to state the weight with particularity or articulate the reasons in support of the assigned weight may prevent the Court from determining whether the ALJ's ultimate decision is rational and supported by substantial evidence. *Id.*

Here, Claimant argues that the ALJ and the Appeals Council erred in failing to weigh the opinions of Dr. Frank Ritucci. Doc. No. 27, at 9. The Office of Disability Determinations referred Claimant to Dr. Ritucci for a consultative examination. R. 328–33. Dr. Ritucci issued a consultative report on July 31, 2014, which, among other things, provides a summary of Claimant's medical history, results from a physical examination, and a functional assessment. *Id.* As relevant to Claimant's arguments, Dr. Ritucci opined, among other things, as follows:

> GAIT AND STATION KEEPING: The applicant's gait is mildly antalgic. The applicant is able to walk one block at a normal pace. The applicant is able to walk over rough or uneven surfaces. The applicant is able to carry out routine ambulatory activities such as shopping and banking. The applicant is not able to squat due to knee and back pain. The applicant is not able to heel-to-toe walk due to knee and back pain. The applicant walks without an assistive device.

R. 332. Dr. Ritucci reiterated these findings in his functional assessment of Claimant. R. 333.

Claimant asks this Court to reverse the decision of the Commissioner for the ALJ's and Appeals Council's failure to expressly weigh Dr. Ritucci's opinions. Doc. No. 27, at 12. Claimant argues that Dr. Ritucci's opinions are "at odds" with the RFC determination because "it would appear that the ability to walk around a store or a bank would not be consistent with the ability to perform light work." *Id.* at 13. Claimant also states that although Dr. Ritucci opined that Claimant could walk one block, "light work requires a 'good deal of walking or standing.'" *Id.* Claimant

also argues that the RFC determination fails to incorporate Dr. Ritucci's finding that Claimant is unable to squat.  *Id.*

The Commissioner acknowledges that the ALJ and Appeals Council did not expressly weigh Dr. Ritucci's opinions.  *Id.* at 14.  However, the Commissioner argues that any error in failing to do so was harmless because the record reflects that the ALJ considered Dr. Ritucci's opinions, and the RFC determination is not inconsistent with Dr. Ritucci's opinions.  *Id.* at 15–16.  As to Dr. Ritucci's findings that Claimant could walk one block or walk on rough or uneven surfaces, the Commissioner contends that such are not medical opinions, but objective medical findings, and the ALJ was not required to weigh them.  *Id.* at 17.  Nor does the Commissioner find that Dr. Ritucci's opinion that Claimant could carry out routine ambulatory activities inconsistent with the determination that Claimant could be perform light work.  *Id.* at 17–18.  Finally, as to Dr. Ritucci's finding that Claimant could not squat, the Commissioner contends that the ALJ's failure to include such limitation in the RFC determination constitutes harmless error because two of the three jobs identified by the ALJ do not require squatting or crouching.  *Id.* at 18–19.

On review, I find that Claimant has failed to establish reversible error in the ALJ's consideration of Dr. Ritucci's consultative report.  As an initial matter, Claimant is correct that the ALJ did not state the particular weight that he afforded to Dr. Rittuci's opinions.  "Ordinarily, an ALJ's failure to explain the particular weight given to the different medical opinions provided is reversible error."  *Tillman v. Comm'r, Soc. Sec. Admin.*, 559 F. App'x 975, 975 (11th Cir. 2014) (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)).  Here, however, it is clear from the decision that the ALJ considered the results from Dr. Rittuci's consultative examination in the decision.  *See* R. 40 (discussing Dr. Ritucci's findings from consultative examination).  Moreover, Dr. Ritucci was a one-time examining physician, and therefore his opinions were not

entitled to any particular deference. *See Eyre v. Comm'r, Soc. Sec. Admin.*, 586 F. App'x 521, 523 (11th Cir. 2014) ("The ALJ owes no deference to the opinion of a physician who conducted a single examination . . . .").

In addition, Claimant has not established that most of the limitations to which Dr. Ritucci opined are inconsistent with the RFC determination. Specifically, Dr. Ritucci observed that Claimant is able to walk one block at a normal pace; he is able to walk over rough or uneven surfaces; and he is able to carry out routine ambulatory activities such as shopping or banking. R. 332. Claimant points to no evidence or authority to demonstrate that these observations are inconsistent with the ALJ's RFC determination. Indeed, Dr. Ritucci rendered no opinions on specific functional limitations that Claimant could experience in a workday as it relates to Claimant's ability to sit, stand, or walk for any length of time, nor do most of Dr. Ritucci's assessments contradict the ALJ's determination that Claimant could perform light work subject to certain limitations. Accordingly, based on the facts of this case, I recommend the Court find that Claimant has not established reversible error as it relates to the ALJ's failure to weigh Dr. Ritucci's opinions regarding Claimant's ability to walk one block; walk over rough or uneven surfaces; and carry out routine ambulatory activities. *See Ervin v. Berryhill*, No. 2:15-CV-02020-MHH, 2017 WL 4122469, at *6 (N.D. Ala. Sept. 18, 2017) (assuming that it was error for the ALJ to fail to explicitly state the weight assigned to psychological report, any error would have been harmless because the report from the one-time examining physician was not entitled to deference, and the ALJ accounted for any limitations in the RFC assessment).

To the extent that Dr. Ritucci observed that Claimant "is not able to squat due to knee and back pain," R. 331, Claimant is correct that such opinion is inconsistent with the ALJ's RFC

determination that Claimant could occasionally crouch, R. 39.[8]  However, even assuming that it was error for the ALJ to fail to include the squatting limitation in the RFC determination, as the Commissioner argues, any error would be harmless on the facts of this case, namely because two of the jobs identified by the ALJ that Claimant could perform do not require squatting or crouching. *See* Dictionary of Occupational Titles, 209.587-034, 1991 WL 671802 (marker); Dictionary of Occupational Titles, 222.587-038, 1991 WL 672123 (router).[9]  *See Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 906 (11th Cir. 2013) (omission of a squatting restriction from the RFC assessment was harmless error where jobs identified by ALJ did not require squatting/crouching); *Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (failure to weigh medical opinion was harmless error where the limitations highlighted by the claimant would not affect the claimant's ability to perform one of the jobs identified by the VE); *see also Maye v. Berryhill*, No. 6:18-cv-679-Orl-DNF, 2019 WL 2755030, at *5 (M.D. Fla. July 2, 2019) (any error in ALJ failing to include squatting limitation in RFC was harmless because although squatting limitation would preclude the claimant from being able to perform past relevant work, the other jobs listed by the VE indicated that crouching was not a requirement for the jobs identified); *Jackson v. Colvin*, No. CIV.A. 5:12-0794-KOB, 2014 WL 896628, at *10 (N.D. Ala. Mar. 6, 2014) (assuming omission of climbing restriction from RFC determination was error, any error was harmless, where climbing was not required for jobs identified by VE).[10]

---

[8] "Squatting" is also referred to as "crouching."  *See Timmons v. Comm'r of Soc. Sec.*, 522 F. App'x 897, 906 (11th Cir. 2013).

[9] The third job—cleaner, housekeeping—does require occasional crouching.  *See* Dictionary of Occupational Titles, 323.687-014, 1991 WL 672783.

[10] Because the VE's testimony was based on the Dictionary of Occupational Titles, R. 70–71, and the ALJ expressly found that the VE's testimony was consistent with the information contained in the Dictionary of Occupational Titles, R. 45, it is appropriate for the Court to consider the Dictionary of Occupational Titles here.  *See, e.g.*, *Timmons*, 522 F. App'x at 906 (relying on Dictionary of Occupational

For these reasons, I recommend that the Court reject Claimant's first assignment of error.

B.     Claimant's RFC and Testimony of VE.

An ALJ may consider the testimony of a VE at step five of the sequential evaluation process when determining whether the claimant can perform other jobs in the national economy. *Phillips*, 357 F.3d at 1240. The ALJ must pose hypothetical questions that are accurate and that include all of the claimant's functional limitations. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985). However, the ALJ is not required to include in the hypothetical question "each and every symptom" of the claimant's impairments, *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1270 (11th Cir. 2007), or "findings . . . that the ALJ . . . properly rejected as unsupported," *Crawford*, 363 F.3d at 1161.

Claimant argues that the hypothetical posed by the ALJ to the VE in this case "does not accurately account for all the limitations of the claimant as outlined in the evidence" based on the ALJ's failure to weigh the opinions of Dr. Ritucci. Doc. No. 27, at 21–22. Thus, as the Commissioner argues, Claimant's second assignment of error is contingent on the success of his first.

As discussed above, I recommend the Court find that Claimant has failed to establish that the ALJ reversibly erred in failing to expressly weigh the opinions of Dr. Ritucci, to the extent that Dr. Ritucci opined regarding Claimant's ability to walk one block; walk over rough or uneven surfaces; and carry out routine ambulatory activities, because Claimant has not demonstrated that these limitations are inconsistent with the ALJ's RFC determination. And, I further recommend the Court find that any error in the failure to weigh or include in the RFC determination Claimant's

---

Titles descriptions); *see also Jackson*, 2014 WL 896628, at *10 n.12 ("In the present case, the VE testified that his testimony was consistent with the DOT, and the ALJ found that [it] was. Because the VE's testimony was consistent with the DOT, it is appropriate to consider the DOT in determining whether any error by the ALJ was harmless in the present case.").

inability to squat is harmless on the facts of this case, given that two of the jobs identified by the ALJ and VE do not require squatting (*i.e.*, crouching). Consequently, the ALJ's failure to include the squatting limitation in the hypothetical to the VE was harmless because it did not affect the outcome of Claimant's case. *See Jones v. Comm'r of Soc. Sec.*, 492 F. App'x 70, 73 (11th Cir. 2012) (although VE's testimony did not constitute substantial evidence supporting the ALJ's decision because it did not include a driving limitation supported by the evidence, the ALJ's failure to include the driving limitation in the hypothetical to the VE was harmless error, as it did not affect the outcome of the case because the jobs identified by the VE did not involve driving); *see also Justice v. Comm'r of Soc. Sec.*, No. 6:18-cv-01771-Orl-37EJK, 2020 WL 1894231, at *4 (M.D. Fla. Jan. 6, 2020), *report and recommendation adopted*, 2020 WL 597637 (M.D. Fla. Feb. 7, 2020) (ALJ's failure to include clean air limitation in hypothetical question to VE was harmless at step five of the sequential evaluation process when the jobs identified by the VE did not appear to involve exposure to unclean air); *Lankford v. Saul*, No. CA 20-0228-MU, 2021 WL 867847, at *5 (S.D. Ala. Mar. 7, 2021) (finding similar harmless error as it related to a limitation precluding concentrated exposure to noise and vibrations); *Proxmire v. Comm'r of Soc. Sec.*, No. 8:15-cv-2960-T-JSS, 2017 WL 632513, at *6 (M.D. Fla. Feb. 16, 2017) (finding similar harmless error with limitations regarding "frequently balancing, stooping, crouching, and crawling and occasionally kneeling").

For these reasons, I respectfully recommend that the Court reject Claimant's second assignment of error.

## V.     RECOMMENDATION.

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Court **AFFIRM** the final decision of the Commissioner. It is further **RECOMMENDED** that the Court direct the Clerk of Court to issue a judgment consistent with its Order on the Report and

Recommendation and, thereafter, to close the file.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 4, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record